UNITED STATES DISTRICT
DISTRICT OF CONNECTICUT

FILED
2005 AUG 25 P 4:11
U.S. DISTRICT COURT
BRIDGEPORT, CONN

BRISTOUT BOURGUIGNON
v.
MARSHALL Raymond Dillon

PRISONER
NO. 3:00CV1345 (JBA)(JGM)

AUGUST 22, 2005

**DECLARATION IN SUPPORT OF THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

BRISTOUT BOURGUIGNON declares under penalty of perjury:

1. I am the plaintiff in this case. The Complaint alleges that I got assaulted by Judicial Marshall Raymond Dillon who slammed a cell door on my thumb at the Superior Court while I was consulting with my attorney at the Courthouse and standing by the door. I submit this declaration in support of my motion for Summary Judgment on the assault that he cause me to suffered injury to my left thumb.

2. I am an inmate at McDougall C.I. On Feb. 14, 2001, I was assaulted by Judicial Marshall Raymond Dillon, as set in my complaint dated July 7, 2001. A copy of Judicial Marshall Raymond Dillon's department incident Report dated 2-14-01 attached as exhibit 1.

3. As a Result of the Feb. 14, 2001 incident, I suffered injury to my left thumb. A copy of both Bridgeport hospital and Bridgeport Correctional Center medical Report attached as exhibit 2.

4. I Received a formal hearing on December 10, 2002

at the Manson Youth Institute based on Liability. Before the hearing, pursuant to the claims commissioner procedures, I requested that the defendant call all 35 to 40 prisoners that were present during incident. I provided the names of four of them and their prison location. A copy of state of Connecticut office of the claims commissioner memorandum of decision dated December 11, 2002 attached as exhibit 3.

5. The defendant refused to call any of these witnesses that were present during incident. At the formal hearing memorandum decision the claim commissioner stated that he believes that Marshall Richard Camarro's version of the event was the same as the defendant Raymond Dillon, therefore he said he doesn't need the plaintiff testimony and evidence and witnesses. He denies liability. See a copy of the claim commissioner Mr. James R. Smith decision attached as exhibit 3.

6. The evidence at the claims commissioner hearing consisted solely of the defendant Raymond Dillon and Judicial Marshall Camarro.

7. After the hearing I received a memorandum of decision from the claims commissioner denied liability by stated that my case was weak and not credible and that the defendant's witnesses was consistent and credible see exhibit 3.

8. Consistently with the claims commissioner procedure. I filed an appeal with chief clerk Nanci Maegminsk complaining about my due process rights has been violated and the claim commissioner Mr. James R. Smith did not give me opportunity to present evidence and bring my witnesses at the hearing. My appeal was denied on 1-6-03. A copy of the appeal attached as exhibit 4.

9. Now, I have substantial amount of medical bill from Bridgeport hospital that I can't afford to pay because of the defendant's conduct. A copy of medical bill attached as exhibit 5

10. On May 23, 2005, I submitted a set of interrogatories to the defendant and the defendant respond on May 25, 2005. Please see both copies of interrogatories attached as exhibit 6.

11. The defendant admitted of causing me harm on my request for admissions. Please see both copies of admissions attached as exhibit 7.

12. I made attempt to resolve this matter with the defendant without the intervention of the court. On July 21, 2005 the defendant's attorney wrote me back and stated that the facts of this case not warrant a settlements. a copy of that letter attached as exhibit 8.

For the reasons stated in the brief submitted with this motion, these undisputed fact that defendant Raymond Dillon is responsible and liable for causing me harm. Accordingly, I am entitled to summary judgment based on my injury claim.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

THE PLAINTIFF

Bistmt Brunguym