UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRISTOUT BOURGUIGNON

V.

MARSHALL RAYMOND DILLON

FILED
2005 AUG 25 P 4:11
U.S. DISTRICT COURT
BRIDGEPORT, CONN

PRISONER
NO. 3:00 CV1345 (JBA)(JGM)

AUGUST 22, 2005

## STATEMENT OF UNDISPUTED FACTS

Pursuant to Rule of civil procedure of this Court. The plaintiff submits the following list undisputed Facts that entitle him to summary judgment on the injury claim that Marshall Raymond dillon, intentionally purposely, maliciously and sadiscally slammed the steel cell door shut on his left thumb without warning.

1. The Plaintiff was assaulted by Judicial Marshal Raymond dillon, without warning him, slammed the steel cell door shut on his left thumb.

2. The plaintiff finger nail was torn off and his thumb was bleeding.

3. Defendant Marshall Raymond dillon called the Plaintiff a "black mother fucker" in front of 35 to 40 prisoners that were there during incident, and he took a long time to open the cell door and release the plaintiff's thumb

4. As a Result of the Feb. 14, 2001 incident, the plaintiff suffered injury to his left thumb.

5. The plaintiff went to Bridgeport hospital for treatment and Bridgeport Correctional Center as well.

6. The Plaintiff received a formal hearing by the claims of the Commissioner on December 10, 2002 at the Manson Youth Institute. The hearing was based on liability. The Plaintiff requested the defendant to call witnesses that were present during incident.

7. The claims of the commissioner office refused to call all the 35 to 40 inmates that were there during incident.

8. Defendant refused to call these witnesses on the ground that their written reports provided a "full picture" of the incident.

9. Defendant did not make individualized decision as to the appropriateness of calling each witness.

10. The evidence at the hearing consisted solely of Judicial Marshall Richard Camarro and the defendant Raymond Dillon.

11. After the hearing I received a memorandum of decision from the claim commissioner Mr. James R. Smith denied liability by stated that the Plaintiff testimony was not credible and the evidence from the defendant was consistent and credible.

12. The Plaintiff filed an appeal with chief clerk Nanci Maegimusk complaining about his due process right was violated and the claim commissioner Mr. James R. Smith did not give him an opportunity to present evidence and bring witnesses that were there during incident. The Plaintiff appeal was denied on 1-6-03.

13. The plaintiff have both medical report from Bridgeport hospital and Bridgeport correction center.

14. The plaintiff have the defendant incident report.

15. The plaintiff have substantial amount of unpaid medical bills from Bridgeport hospital and Yale hospital and collection agency.

16. The plaintiff have the state of Connecticut office of the claims commissioner memorandum of decision.

16. The plaintiff have both request for admission and plaintiff's interrogatories including responses from the defendant.

17. The plaintiff made attempt to resolse this matter with the defendant without the intervention of the court, on July 21, 2005 the defendant respond by stated that the facts of this case did not warrant a settlements.

The Plaintiff
Bristol Banyungum