UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
|  |  | PRISONER |
| BRISTOUT BOURGUIGNON | : | CIVIL NO. 3:01CV1345 (JBA)(JGM) |
| v. | : |  |
| MARSHAL RAY | : | OCTOBER 14, 2005 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**BACKGROUND**

The defendant refers the Court to defendant's Material Facts submitted with its Motion on Summary Judgment.

**I.     Legal Standard**

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  See Rule 56(c), Fed.R.Civ.P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).  A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact ….'"  Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted).  A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 623 (2d Cir. 1992) (quoting Anderson, 477 U.S. at 248).  After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to

which [it] has the burden of proof," then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

To defeat a motion for summary judgment that is supported by documentary evidence and sworn affidavits, a plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986). He "must come forward with enough evidence to support a jury verdict in [his] favor, and the motion will not be defeated merely . . . on the basis of conjecture or surmise." Trans Sport, Inc. v. Starter Sportswear, Inc., 964 F.2d 186, 188 (2d Cir. 1992) (citation and internal quotation marks omitted). The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). See also, Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).

Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments suggested therein. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). A "bald assertion," unsupported by evidence, however, cannot overcome a properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

**ARGUMENT**

The plaintiff was an unsentenced inmate in the custody of judicial marshals at the time of the events listed in his complaint. As such, the Eighth Amendment does not apply. The defendant submits that it is the Fourteenth Amendment which applies since he was in the custody

2

of state officials. The Fourteenth Amendment offers no greater protection, however, than the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 327 (1986).

In Hudson v. McMillian, 503 U.S. 1 (1992), the Supreme Court established the minimum standard to be applied in determining whether force by a correctional officer against a sentenced inmate states a constitutional claim under the Eighth Amendment in a context other than a prison disturbance. United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999). When an inmate claims that excessive force has been used against him by a prison official, he has the burden of establishing both an objective and subjective component to his claim. See Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993) (citing Hudson, 503 U.S. at 8-9); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The objective component relates to the seriousness of the injury. However, "a claim of excessive force may be established even if the victim does not suffer 'serious' or 'significant' injury, provided that the amount of force used is more than 'de minimus,' or involves force that is 'repugnant to the conscience of mankind.'" Walsh, 194 F.3d at 47-48 (citing Hudson, 503 U.S. at 7-10) (internal citations omitted). This component is "contextual and responsive to 'contemporary standards of decency.'" Hudson, 503 U.S. at 8 (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)).

The subjective component requires the inmate to show that the prison officials acted wantonly. See Sims v. Artuz, 230 F.3d 14, 21 (2d Cir. 2000). With regard to an excessive force claim, the question of wantonness turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. The court considers factors including "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the

3

responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotations and citation omitted).

In this case, the "force" applied was the closing of a cell door which obviously was appropriate conduct by the defendant. The plaintiff claims the door was "slammed". The plaintiff offers no proof of this allegation other than his own self-serving statement. The defendant claims he merely closed the cell door and was unaware that the plaintiff had placed his thumb in the door jam. The plaintiff claims that the defendant called him a "black mother fucker." At the time, the plaintiff alleges he was consulting with Attorney Jonathan DeMirjian. There were more than 35 inmates in the immediate area. Despite this, the plaintiff does not offer an affidavit or a statement from Attorney DeMirjian supporting his claims that the defendant "slammed" the cell door on his thumb and shouted derogatory comments at the plaintiff. Despite litigating these claims before the Connecticut Claims Commissioner and in Federal Court, the plaintiff has not alleged any facts demonstrating any prior animosity existed between himself and the defendant before this incident. This clearly was an isolated and spontaneous incident. The plaintiff offers no evidence that the defendant knowingly and intentionally slammed the door on his hand, other than his own self-serving conclusion that that was the defendant's intention. Based on the facts and circumstances of this case, no reasonable jury could conclude that the defendant closed the cell door on the plaintiff's thumb maliciously and sadistically to cause the plaintiff harm. No evidence exists which would show any motivation for doing so. Judicial Marshal Camarro observed the cell door being closed normally. His job assignment at the time dictated that he observe the opening and closing of cell doors for obvious security reasons. Plaintiff's injury, a contusion or bruise, but no fracture, is not consistent with his claim that the

defendant "slammed" the door on his thumb or with such force as to cause serious injury. (See plaintiff's Exhibit 2 in support of Motion for Summary Judgment, Instructions from Bridgeport Hospital). The injury to plaintiff's thumb was accidental, caused more by the plaintiff's negligence in placing his thumb in a door jam than the defendant's closing of the cell door. As an essential element of his claim, the plaintiff must prove the conduct of the defendant was the proximate cause of his injury. In this case, the cause of his injury was his own negligence in placing his thumb in a door jam. The plaintiff himself indicated to the defendant's supervisor and other judicial marshals present, that he recognized the injury was accidental. He voiced no complaints to the defendant's supervisors regarding his conduct and even informed defendant's supervisor he had no problem being escorted to the hospital by the defendant.

      The plaintiff alleges that the defendant stated racial insults after closing the cell door on his thumb.[1] These verbal insults, in front of numerous witnesses including his own attorney, were heard by no one except the plaintiff. No evidence exists except the plaintiff's own self-serving allegations that such comments were made. Moreover, such comments, even in the unlikely event they were made, do not demonstrate motivation on the part of the defendant to physically harm the plaintiff, although clearly the plaintiff invented such allegations for this purpose. Where such comments may show some bias or prejudice for persons who are not White, they do not demonstrate the defendant closed the door intentionally to cause the plaintiff harm. Such after-the-fact conduct, which, again, there is no evidence of happening, might easily demonstrate a response to the plaintiff's careless placing of his thumb in a door jam while a cell door is being closed rather than a motive for causing harm. It would not be proper based on

5

these facts for a jury to reasonably conclude the defendant was motivated to intentionally and sadistically harm the plaintiff.

Based on the evidence, or lack of evidence, produced by the plaintiff and the circumstances of this case, no reasonable jury could find the plaintiff has proven his case.

### **CONCLUSION**

Plaintiff's Motion for Summary Judgment should be denied. Defendant's Motion for Summary Judgment should be granted.

                DEFENDANT
                Marshal Ray

                RICHARD BLUMENTHAL
                ATTORNEY GENERAL


BY:_____
    Michael J. Lanoue
    Assistant Attorney General
    110 Sherman Street
    Hartford, CT  06105
    Federal Bar #ct05195
    E-Mail:  michael.lanoue@po.state.ct.us
    Tel: (860) 808-5450
    Fax: (860) 808-5591

---

[1] It is clear that verbal harassment, including racial insults, does state a claim under 42 U.S.C. § 1983. See, e.g., Morgan v. Ward, 699 F.Supp. 1025, 1055 (N.D.N.Y. 1988).

**<u>CERTIFICATION</u>**

I hereby certify that a copy of the foregoing was mailed to the following on this 14th day of October 2005:

Bristout Bourguignon #265860
MacDougall/Walker Correctional Institution
1153 East Street South
Suffield, CT 06078

_____
Michael J. Lanoue
Assistant Attorney General