UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRISTOUT BOURGUIGNON | : | PRISONER<br>CIVIL NO. 3:01CV1345 (JBA)(JGM) |
| v. | : | |
| MARSHAL RAY | : | SEPTEMBER 28, 2005 |

### AFFIDAVIT OF RAYMOND J. DILLON, JR.

I, Raymond J. Dillon, Jr., being duly sworn, hereby depose and say that:

1. I am employed by the State of Connecticut as a Judicial Marshal.

2. On February 14, 2001, I was assigned as a Judicial Marshal in the cellblock of the Judicial District #2 Courthouse, in Bridgeport, Connecticut.

3. On the above date, the plaintiff, Bristout Bourguignon, was an inmate being held in the number 1 cell of the cellblock.

4. At approximately 12:50pm, I opened the door of cell #1 to allow another inmate to enter.

5. As I attempted to close the cell door, the plaintiff came up to the front of the cell, apparently attempting to get the attention of an attorney who was in the cellblock area.

6. The plaintiff apparently placed his left hand between the door and the door jam just as I closed the door.

7. As soon as I realized he had caught his hand in the door, I opened the door to allow him to remove his hand.

8. The above incident was caused by the plaintiff placing his hand between the door and the door jam without my knowledge.

9. The plaintiff had a slight cut to his left hand and he was given a BandAid and a towel-wipe.

10. I asked the plaintiff if he needed further medical attention and he said no.

11. Later, he asked Judicial Marshal Camarro if he could go to the hospital.

12. Arrangements were made to take the plaintiff to Bridgeport Hospital through my superior, Richard Grazcyk.

13. I was one of the transporting officers, along with Judicial Marshal Rossi.

14. At no time did the plaintiff complain to any other officer or supervisor that I had intentionally slammed the door on his hand nor that I made any racial comments.

15. At the hospital, x-rays were taken of the plaintiff's hand, he was given ibuprofen and some ice.

16. The x-rays were negative.

17. The plaintiff was transported back to the lock-up.

18. At no time did I make any racial comments about the plaintiff.

19. The injury to plaintiff's hand was accidental and caused by his own actions.

20. Appropriate medical care was provided to the plaintiff in a reasonable manner.

I have read the foregoing and it is true and accurate to the best of my knowledge and belief.

_____
Raymond J. Dillon, Jr

Subscribed and sworn to before me this 28th day of September, 2005.

_____
Michael J. Lahoue
Commissioner of the Superior Court