```
                                                    FILED
          UNITED STATES DISTRICT COURT
              DISTRICT OF CONNECTICUT          2005 DEC -7  P 3:38

                                                U.S. DISTRICT COURT
                                                 BRIDGEPORT, CONN
BRISTOUT BOURGUIGNON               :
                                   :        PRISONER
        v.                         :Case No.3:01cv1345(JBA)(JGM)
                                   :
Sheriff RAY,   et al               :     November 28, 2005
```

Plaintiff's Statement of Disputed
Factual Issues


   Defendant have moved for summary judgement on the plaintiff's claim as to the liability of defendant Raymond Dillin for damages. Pursuant to local rule 56(D) of this court, the plaintiff submits the following list of genuine issues of material fact that require the denial of the defendant's motion.

1. Whether the plaintiff's injuries resulted from his own acts of resistance to the defendant, or from defendant purposful use of unnecessary force.

2. Whether the plaintiff offered any resistance or disobedience to the defendant before he closed the steel cell door on the plaintiff's thumb.

3. Whether the defendant had control over the steel cell door manually and did in fact warn the plaintiff to remove himself from the steel cell door before he closed it.

4. Whether the defendant had any knowledge of the plaintiff that weighed 250 pounds standing in front of him or did he disregard by not warning the plaintiff or did he intentionally ,wrecklessly, or maliciously, sadistically shut a steel cell door on the plaintiffs thumb while the defendant had control of that door manually.

5. Whether the force utilized by the defendant against the plaintiff was applied in good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm.

6. Whether the defendant gave the plaintiff a direct order to remove himself from the steel cell door before he shut the steel cell door on the plaintiff's thumb.

7. Whether the defendant failed to perform his fundamental duty to ensure the plaintiff the safety and security.

8. Whether the defendant did or did not care of the plaintiff's welfare and safe keeping.

9. Whether the defendant took real precautions and secure all the prisoners that were in the number one cell of the cell block before he shut the steel cell door on the plaintiff's thumb.

The Plaintiff,

*[signature]*
Bristout Bourguignon

## CERTIFICATION
------------------------------

I hereby that acopy of the foregoing was mailed to the following on this 28 th day of november 2005:

Michael i. lanoue
assistant attorney general
110 sherman street
hartford, ct. 06105

*Bristout Bourguignon* (signature)

Bristout Bourguignon