UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2006 JAN 17 P 4:06
U.S. ... RT

BRISTOUT BOURGUIGNON  :
                                   :      PRISONER
v.                            :      Case No. 3:01CV1345(JBA)
                                   :
SHERIFF RAY  :

## RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Bristout Bourguignon ("Bourguignon") filed this civil rights action[1] pro se pursuant to 28 U.S.C. § 1915. He alleges that defendant, State Judicial Marshal Ray Dillon, used excessive force against him by closing the cell door on Bourguignon's thumb and using derogatory language. The parties have filed cross motions for summary judgment. For the reasons that follow, Bourguignon's motion is denied and defendant's motion is granted.

I.    Standard of Review

In a motion for summary judgment, the burden is on the

---

[1] Bourguignon commenced this action against defendant in his individual capacity only. In October 2002, he filed a document [doc. #19] entitled "New Evidence" in which he stated that he was suing defendant in both individual and official capacities. On May 5, 2003, the court dismissed [doc. #23] all claims against defendant in his official capacity because Bourguignon sought damages only and all claims against defendant in his individual capacity because Bourguignon failed to provide a service address for defendant despite numerous orders and extensions of time. On February 1, 2005, the court reopened the case [doc. #33] and ordered service on defendant in his individual capacity only [doc. #34].

moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact....'" Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992).

Materiality is determined by the substantive law that governs the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id.

The court "resolve[s] all ambiguities and draw[s] all permissible factual inferences in favor of the party against whom summary judgment is sought." Patterson v. County of Oneida, NY,

375 F.3d 206, 218 (2d Cir. 2004). However, a plaintiff may "not rest on his allegations ... to get to a jury without any significant probative evidence tending to support the complaint." Anderson, 477 U.S. at 248 (internal quotation marks and citation omitted). In other words, a party may not create a genuine issue of material fact by resting on the "mere allegations or denials" contained in his pleadings. Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments suggested therein. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Despite this liberal interpretation, however, a "bald assertion," unsupported by evidence, cannot overcome a properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

II. Facts[2]

On February 14, 2001, defendant, a State Judicial Marshal, was assigned to the cellblock in the Judicial District #2 Courthouse in Bridgeport, Connecticut. On that date, Bourguignon

---

[2] The facts are taken from plaintiff's Statement of Undisputed Facts [doc. #44-2] and defendant's Material Facts in Opposition to Plaintiff's Motion for Summary Judgment and In Support of Defendant's Motion for Summary Judgment [doc. #46-6, 48-6]. On October 17, 2005, Bourguignon was provided notice of his obligation to respond to defendant's motion for summary judgment. He has not done so.

3

was being held in cell 1 of that cellblock.

At 12:50 p.m., defendant opened the door to cell 1 to permit another inmate to enter the cell. When defendant began to close the cell door, Bourguignon approached the cell door to speak to an attorney who was present in the cellblock. Bourguignon placed his left hand between the cell door and the door jam.

The cell door closed catching Bourguignon's hand. When he realized what had happened, defendant opened the cell door and Bourguignon removed his hand. Bourguignon initially was given a bandage and towel-wipe for the injury to his hand. Later, Bourguignon requested medical attention. The supervisor arranged for Bourguignon to be taken to Bridgeport Hospital. Defendant and another judicial marshal escorted Bourguignon to the hospital. X-rays revealed no broken bones. Bourguignon was treated for a contusion to his left thumb and released.

III. Discussion

Bourguignon has filed a motion for summary judgment and a motion asking the court to grant his motion because defendant failed to respond to his motion on or before August 22, 2005. Defendant has filed a cross motion for summary judgment.

At the time of the incident giving rise to this action, Bourguignon was not yet sentenced. Thus, the Fourteenth Amendment, rather than the Eighth Amendment governs his claims.

4

See <u>Graham v. Connor</u>, 490 U.S. 386, 392 n. 6 (1989) (holding that Eighth Amendment protection does not apply "until after conviction and sentence") <u>and</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979) (holding that right of pretrial detainees to be free from excessive force amounting to punishment is protected by the Due Process Clause of the Fourteenth Amendment).

In reviewing excessive force claims filed by prisoners under the Fourteenth Amendment, the Second Circuit applies the standard established in <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992). <u>See</u> <u>U.S. v. Walsh</u>, 194 F.3d 37, 48 (2d Cir. 1999). In situations other than prison disturbances, abuse by a prison guard will state a constitutional claim under the Fourteenth Amendment even where the prisoner's injuries are not serious or significant so long as the amount of force used is more than "de minimis" or is "repugnant to the conscious of mankind." <u>Id.</u> at 47-48 (quoting <u>Hudson</u>, 503 U.S. at 9-10). "'[W]henever prison officials stand accused of using excessive physical force in violation of the [Constitution], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" <u>Id.</u> at 48-49 (quoting <u>Hudson</u>, 503 U.S. at 6-7). <u>See also</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 539 (1979) (holding that punishment which is "arbitrary and purposeless" will violate the due process

5

rights of a pretrial detainee).

Bourguignon alleges that defendant intentionally closed the cell door on his left hand and used racially derogatory language. In support of his motion for summary judgment on these claims, defendant has filed his own affidavit and the affidavits of the supervising judicial marshal, the judicial marshal whose assignment it was to monitor the closing of the cell door and the judicial marshal who accompanied defendant and Bourguignon to the hospital. All of the affidavits indicate that there was no animosity between defendant and Bourguignon and that the door closing was an accident, not an intentional act. No one heard defendant use any racially derogatory language toward Bourguignon.

Bourguignon has provided no relevant evidence indicating the existence of a genuine issue of material fact in this case. Although he states that he was speaking to his attorney at the time of the incident and that many other inmates witnessed the incident, Bourguignon has not provided an affidavit from the attorney or any other witness. He only has submitted his own affidavit, which merely states that "Judicial Marshall Raymond Dillon ... slammed a cell door on [his] thumb" and that he suffered injury as a result. Pl. Decl. ¶¶ 1, 3. Plaintiff's affidavit does not allege any facts from which it could be

inferred that the defendant closed the door on his thumb intentionally. His affidavit does not, for example, address the claim in the complaint that defendant took an unreasonable amount of time to reopen the cell door once it closed on plaintiff's thumb. Moreover, contrary to the complaint's allegations of racial animosity, plaintiff does not repeat his allegations that defendant used racial epithets, nor does he state in his affidavit any facts from which a reasonable jury could infer any racial or other motive for defendant to have harmed him intentionally. Bourguignon has presented no evidence suggesting that defendant acted maliciously or sadistically or even intended to cause him harm.

Bourguignon has provided copies of records of treatment from Bridgeport Hospital. However, the extent of his injury is not at issue in this case. In addition, Bourguignon has provided copies of documents from his unsuccessful claim before the Connecticut Claims Commissioner. These documents also are irrelevant to the issues in this case. Bourguignon thus has presented no evidence or testimony to support his allegation that defendant intentionally shut the door on his hand or that defendant used derogatory language. Thus, he has failed to support a claim for use of excessive force and failed to meet his burden in opposition to defendant's motion to present evidence

demonstrating a genuine issue of material fact for trial. Accordingly, defendant's motion for summary judgment is granted and Bourguignon's motion is denied.

Finally, Bourguignon filed a motion asking the court to grant his motion for summary judgment because defendant failed to timely respond to Bourguignon's motion. The court had granted defendant an extension of time, until October 15, 2005, to file his opposition. As this date fell on a Saturday, defendant's opposition was due on the following Monday, October 17, 2005, and was filed on that date. Thus, Bourguignon's request is misplaced.

IV. Conclusion

Defendant's motion for summary judgment [**doc. #48**] is **GRANTED**. Bourguignon's motion for summary judgment [**doc. #44**] and motion to grant summary judgment [**doc. #47**] are **DENIED**. The Clerk is directed to enter judgment in favor of defendant and close this case.

Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut, this 17th day of January, 2006.**