UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Bristout Bourguignon : 2006 FEB -7 P 4:38
 : PRISONER
V. :
 : NO.3:00cv1345(JBA)(JGM)
Raymond Dillon :
 : FEBRUARY 3, 2006

MOTION TO RE-OPEN JUDGEMENT ON RULING ON CROSS
MOTION FOR SUMMARY JUDGEMENT

The undersigned plaintiff respectfully moves pursuant to rule 60 (b)(1)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE, THE PLAINtiff asked the court in this motion to re-open judgement on ruling on cross motion for summary judgement dated january 17, 2006, based on newly discodered evidence which by due dilligence could not been discovered in time to move for a new trial under 59 (a)(B).

The plaintiff asks the court to reconsider grant this motion for the following argument;
The plaintiff argued that the reason why he could not provided any evidence and statement from his witnesses because the defendant's attorney mr.Micheal J. Lanoue was holding information and did not want to produce them to the plaintiff request for production of documents dated may 25,2005 and had personal knowledge of such inmates witness list and the bull pen video camera that was recorded during incident dated 2-14-01. The defendant failed to comply with rule 34(a)(b)(C) and violated the plaintiff's due process rights,by not provided him with such discovery. Where ,however, the defendant knew such witness is a party to the case, and by such statement,or other conduct, admits some facts against his interest, then such statement or other conduct, if knowingly make or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

The plaintiff argued that the defendant did not intent to disclose proof and the court should of carefully in employing summary judgement where it may be important for witness to be presence and subject to cross-examination. Dobbins v. Kawasaku motor corps (1973,DC OR) 362 F. supp. 54,1973-2 CCH trabe cases 74609,rehden (DC OR) 1974-4 CCH trade cases 75100.

On motion for summary judgement parties should fully disclose what evidence will be on issues raised by motion, and if on such disclosure it appears that there is no disputed issues of fact trial court should enter judgement.Carr v. Good

year side & Rubber Co (1945 DC cal) 64 F. suff.40.

summary judgement normally should not be granted before discovery is completed. Murrell v. Bennet 1980 (CA5 AIA) 615 f 2d 306,29 fr. serv 2d 1544.
Summary judgement should not be granted while parties opposing judgement seek discovery of potentially favorable information. Olin corp.vs. insurance co. of north America (1985,sd N.Y.) 603 f. supp 445 adhered to, motion den (SD NY) 607 f.supp.1377.

The plaintiff stated that the trial court should be slow in passing upon motion for summary judgement which would deprive party of right to trial by jury where there is reasonable indication that material fact is in dispute. Begnaud v.White (1948, CA6 TENN) 170 f 2d 323.
Finally, the plaintiff request the court to denied defendant's motion for summary judgement based on failed to produce discovery and denied the plaintiff due process right and the plaintiff asking the court to reverse its decision and send the case to trial based on the plaintiff newly discovered evidence.

Wherefore the plaintiff asks the court to grant this motion in all aspects.

THE PLAINTIFF

Bristout Bourguignon

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 3, day of february, 2006:

Micheal J. Lanoue
Assistant Attorney General
110 sherman street
Hartford, CT, 06105

Bristout Bourguignon