**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BRISTOUT BOURGUIGNON | : | PRISONER |
| | : | NO. 3:00CV1345(JBA)(JGM) |
| VS. | : | |
| | : | |
| RAYMOND DILLON | : | FEBRUARY 28, 2006 |

**DEFENDANTS RESPONSE TO PLAINTIFF'S**
**RULE 60b(1)(2) RELIEF FROM JUDGMENT**

**I.    FACTS:**

On February 14, 2001, defendant, a State Judicial Marshal[1], was assigned to the cellblock

in the Judicial District No. 2 Courthouse in Bridgeport, Connecticut.  On that date, Bourguignon

was being held in cell 1 of that cellblock.

At 12:50 PM, defendant opened the door to cell 1 to permit another inmate to enter the

cell.  When defendant began to close the cell door, Bourguignon approached the cell door to

speak to an attorney who was present in the cellblock.  Bourguignon placed his left hand

between the cell door and the door jam.

The cell door closed catching Bourguignon's hand.  When he realized what had

happened, defendant opened the cell door and Bourguignon removed his hand.  Bourguignon

initially was given a bandage and towel-wipe for the injury to his hand.  Later Bourguignon

---

[1]    The defendant is a judicial marshal and part of the Judicial Branch of government.  See, Conn. Gen. Stat. 36-32f.  No defendant in this case is employed by the Connecticut Department of Correction.

requested medical attention.  The supervisor arranged for Bourguignon to be taken to Bridgeport

Hospital.  Defendant and another judicial marshal escorted Bourguignon to the hospital.  X-rays

revealed no broken bones.  Bourguignon was treated for a contusion to his left thump and

released.

On January 17, 2006, the Court ruled granting the defendant's Motion For Summary

Judgment and denied plaintiff's Motion For Summary Judgment.  Judgment was entered by the

Court for the defendant.  On February 7, 2006, the plaintiff filed a Motion To Reopen Judgment.

II.    **ARGUMENT:**

The plaintiff relies on Rule 60(b)(1) and (2) in support of his Motion To Reopen.  The

basic argument made by the plaintiff is that the defendant's counsel falsely replied to plaintiff's

request for production by claiming that no list of inmates existed for the cellblock on February

14, 2001.  Thus, the plaintiff claims he was denied information improperly by defense counsel

making it impossible to oppose defendant's Motion For Summary Judgment.

The plaintiff's production request was directed to the defendant, not his attorney.  The

response was the response of the defendant.  The defendant is a judicial marshal in the

Courthouse in Bridgeport.  At the request of the defendant, the Judicial Department informed his

counsel that no list was maintained by the Judicial Department of the inmates who were present

in the cellblock on February 14, 2001.  That was true at the time of the response to plaintiff's

production request and it is true today.

Plaintiff has filed, after the judgment was entered in this case, a Freedom of Information request directed to the Connecticut Department of Correction Transportation Unit requesting the names of inmates who were sent to Courthouse J.D. No. 2 in Bridgeport on February 14, 2001. Defense counsel, after receiving plaintiff's Motion To Reopen Judgment, contacted the Department of Correction Transportation Unit and was informed that a list exists of inmates who were transported to the Bridgeport Correctional Institution on February 14, 2001. Those lists include which Court each inmate was scheduled to be transported to from the Bridgeport Correctional Institution. Defense Counsel contacted the Records Department at the Bridgeport Correctional Institution and was informed that no list exists as to those inmates actually transported from Bridgeport Correctional Institution to the Judicial District No. 2 Courthouse. Thus, it would appear that it would be possible to derive a list of inmates who may have been transported to the Judicial District No. 2 Courthouse from the Department of Correction Transportation Unit's records for February 14, 2001. It is not possible to create or derive a complete list of inmates, however. Inmates were brought to the cellblock by other means then by the Department of Correction.

While the above information may provide the plaintiff with the names of inmates who may have been present on February 14, 2001, the Court should not grant plaintiff's to motion to reopen for several reasons. First, the plaintiff offers no reason why he was unable to request this information from the Department of Correction until after judgment had entered in this case. He does claim ignorance as to conducting discovery from the Department of Correction, but he has

made no showing of what efforts he made to obtain this information prior to judgment.  Thus, he

makes no showing as to any effort he made to obtain the names of the inmates.

Plaintiff's  claim that defense counsel did not tell the  truth has no merit.  First of all,

there is no list of all the inmates who were in the cellblock on February 14, 2001.  Moreover,

defense counsel is not obligated to search the records of non-party State agencies in an effort to

attempt to derive some of the information that may be useful to the plaintiff.  To do so would put

an impossible and enormous burden on defense counsel.

Assuming arguendo, there is some merit to the plaintiff's claim that he was simply

unaware of how to obtain information which would provide him with witnesses to this incident,

there is compelling reason for denying plaintiff's motion.  The plaintiff claims in his complaint

that his attorney was present at the time of this incident.  Attached to his complaint in this case

(and attached to this response) is a copy of the Claim the plaintiff filed with the Connecticut

Claims Commissioner regarding this incident.[2]  The Claim dated December 30, 2001, states that

the plaintiff was consulting with his attorney Jonathon DeMirjian at the time of the alleged use of

excessive force by the defendant.  The plaintiff has known the identity of his attorney since the

time of this incident and yet has offered no statement or affidavit from him in support in support

of his allegations.  Instead, he claims he needs to attempt to obtain statements from other inmates

with whom he may have been incarcerated with at the time in order to support his allegations.

---

[2]     The Connecticut Claims Commissioner denied his claim in this matter.

The plaintiff was afforded an opportunity to provide evidence in support of his allegations and he failed to do so.  He knew the identity of a credible witness and did not provide his statement.

There is no mistake, malfeasance,, inadvertence, excusable neglect, or evidence that could not have been provided in a timely manner.  Reopening this case would be an injustice to the defendant.

## III.    CONCLUSION:

Plaintiff's Motion should be denied.

DEFENDANT,
Raymond Dillon

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____/s/_____
    Michael J. Lanoue
    Assistant Attorney General
    No. ct05195
    110 Sherman Street
    Hartford, CT  06105
    Telephone No.: (860) 808-5450
    Fax No.: (860) 808-5591
    E-Mail:  michael.lanoue@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid

to the following on this 28th day of February, 2006:

Bristout Bourguignon, Inmate No. 265860
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080


_____/s/_____
Michael J. Lanoue
Assistant Attorney General

6