UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRISTOUT BOURGUIGNON         :    PRISONER

V.                           :    NO.3:01cv1345(JBA)(JGM)

RAYMOND DILLON               :    MARCH 3, 2006

FILED
U.S. DISTRICT COURT
BRIDGEPORT, CONN

### BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Statement of the case

This is a § 1983 action filed by a prisoner at mcdougall correctional facility seeking a declaratory judgment, compensatory and punitive damages and injunctive relief based on the use of excessive force and negligent and the liability of the defendant for damages.

**STATEMENT OF FACTS**

On may 23, 2005, the plaintiff filed a request for production of documents pursuant to rule 34, FRCP. As set forth in the plaintiff's affidadit, the defendant failed to provide the plaintiff a complete list of all inmates that witness the entire incident at the court house dated 2-14-01 and a copy of the video tape that was recorded by judicial marshals at the court house from the JD bull pen cell area dated 2-14-01. Defendant's counsel has failed to provide the plaintiff relevant documents to past treatment of the plaintiff by the defendant Raymond Dillon.

**ARGUMENTS**

N    **The kind of information sought is highly relevant to this case.** The plaintiff has information that the video tape and the list of inmates requested would be obtained from the judicial service, instead defendant's counsel denied the plaintiff such information and stated that on his july 1, 2005, the defendant's response to the plaintiff request for documents no lists of inmates or video tape exist. See plaintiff's affidavit in support of motion to compel number 3. See parish v. luckie , 963 f.2d 201, 205-06 (8th cir.1992); foley v. city of lowell ,mass, 948 f. 2d 10, 14-16(1st cir. 1991); Gutirrez-Rodriguez v. Cartagena, 882 f 2d 553, 572-75 (1st cir. 1989), FLETCHER V. O'donnel, 867 f 2d 791, 794 (3d cir. 1989). THIS EVIDENCE MAY also support the claim against the defendant himself. Rule 404 (b) FRE, provides, " evidence of other crimes, wrong, or acts is not admissible to prove the character of a person in order to show that he acted inconformity herewith. It mau however, be admissible for other purposes, such as proof of motive, opportunity intent, preparation, plan, knowledge, identity, or absense of mistake or accident." See Ismail v. Cohen, 899 f.2d 183, 188-

For these reasons the material sought is relevant should be produced.

THE PLAINTIFF

*[signature: Bristout Bourguignon]*

## CERTIFICATION

I hereby certify that a copy of the forgoing was sent to the followinf on this day of march 3, 2006:

Micheal J. Lanoue
Assistant Attorney General
110 sherman street
Hartford, CT. 06105

*[signature: Bristout Bourguignon]*
BRISTOUT BOURGUIGNON