```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

BRISTOUT BOURGUIGNON          :
                              :         PRISONER
     v.                       :    Case No. 3:01CV1345(JBA)
                              :
SHERIFF RAY                   :

<u>RULING AND ORDER</u>

Plaintiff Bristout Bourguignon ("Bourguignon") filed this civil rights action pro se pursuant to 28 U.S.C. § 1915.  He alleges that defendant, State Judicial Marshal Ray Dillon, used excessive force against him by closing the cell door on Bourguignon's thumb and used derogatory language.  On January 17, 2006, the court granted defendant's motion for summary judgment, relying in part, on Bourguignon's failure to present any evidence to support his assertion that defendant intentionally closed the cell door on his thumb.  Bourguignon has filed several motions seeking relief from judgment.  For the reasons that follow, the motions are denied.

Rule 60(b), Fed. R. Civ. P., identifies several reasons for which a party may be relieved from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective

>application; or (6) any other reason justifying relief from the operation of the judgment.

Bourguignon brings his current motion for relief from judgment pursuant to Rule 60(b)(1) and (2). He states that he recently learned via a freedom of information request that the Department of Correction, not a defendant in this action, would have a record of all inmates who were scheduled to be transported to state court in Bridgeport on the day of the incident. Bourguignon states that he is unfamiliar with discovery procedures and asks to be excused from not obtaining this information earlier.

Rule 60(b)(2), Fed. R. Civ. P., provides that a party may be relieved from judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Bourguignon states that he could not provide affidavits from other inmates in the cell because he was unaware of their names. This statement is not entirely correct. In opposition to these motions, defendant has provided a copy of a document from the case Bourguignon filed with the Claims Commissioner regarding this same incident. In that document, dated December 30, 2001, Bourguignon states that the incident was witnessed by Attorney Jonathan DeMirjian and inmate Ronald Marcellus, #200073, then housed at Walker Correctional Institution. Bourguignon does not indicate in any

of his papers that he attempted, at any time in the intervening five years, to obtain an affidavit from either person.  Nor does he explain why he waited five years to seek information from the Department of Correction.

Bourguignon also states that he is a novice litigant, unfamiliar with discovery procedures.  The court notes, however, that Bourguignon has filed ten cases in this court, five of which remain pending.  See Bourguignon v. Monroe Police Dep't, 3:00cv2014(SRU) (closed December 2000), Bourguignon v. Vogel, et al., 3:00cv2465(CFD), Bourguignon v. Guinta, et al., 3:01cv1151(SRU) (closed February 2003), Bourguignon v. Ray, 3:01cv1345(JBA) (closed January 2006), Bourguignon v. Perez, et al., 3:01cv1347(WWE) (closed September 2003), Bourguignon v. DeMirjian, et al., 3:01cv1597(JCH) (closed October 2001), Bourguignon v. Armstrong, et al., 3:03cv232(RNC), Bourguignon v. Lantz, et al., 3:05cv245(SRU), Bourguignon v. University of Connecticut Health Center, et al., 3:05cv1533(MRK) and Bourguignon v. Armstrong, et al., 3:06cv259(MRK).  Bourguignon has conducted discovery in many of these case.  Thus, the court concludes that Bourguignon is not a novice litigant and his failure to present any evidence to support his claims is not excusable neglect.

Bourguignon's motions to reopen judgment [**docs. ## 55, 56**] are **DENIED**. His motion for extension of time [**doc. #57**] is **DENIED** as moot.

**SO ORDERED** this 19th day of April, 2006, at New Haven, Connecticut.

/s/
Janet Bond Arterton
United States District Judge